[Cite as *State v. Miller*, 2017-Ohio-2657.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104721**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY MILLER

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601583-A

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 4, 2017

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 670218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Jeffrey Schnatter
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Harry Miller ("Miller"), appeals his convictions and sentence. Miller raises six assignments of error, but we find the first assigned error has merit and is dispositive of this appeal. It states:

> 1. The trial court erred in failing to hold a competency hearing prior to accepting the appellant's plea when the issue of his competency was raised prior to trial.

## I. Facts and Procedural History

**{¶2}** Miller was charged with one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), with a sexual motivation specification, and one count of kidnapping in violation of R.C. 2905.01(A)(4). The charges resulted from an incident in which Miller molested the victim, K.G., in a movie theater.

**{¶3}** K.G.'s grandmother brought K.G. and her brother to see a children's movie titled "The Peanuts Movie." Although the theater was practically empty, Miller chose to sit next to K.G., and rubbed her leg during the film. K.G., who was ten years old, told her grandmother about the incident after the movie. Miller, who remained at the scene to see another children's movie, was arrested later that evening.

**{¶4}** Miller pleaded guilty to one count of kidnapping in violation of R.C. 2905.01(A)(3), which no longer included language involving a victim under 13 years of age, and one count of gross sexual imposition, which was amended to delete the sexual

motivation specification. The kidnapping and gross sexual imposition counts merged for sentencing purposes, and the state elected to have Miller sentenced on the kidnapping charge. The court sentenced Miller to a ten-year prison term followed by five years of postrelease control. The court also classified Miller as a Tier I sex offender. Miller now appeals his convictions and sentence.

## II. Law and Analysis

{¶5} In the first assignment of error, Miller argues the trial court erred by failing to hold a competency hearing before accepting his guilty plea.

{¶6} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). A defendant is "incompetent" if he "is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in the defendant's defense." *Id*.

{¶7} If a defendant's competency to stand trial "is raised before the trial has commenced, the court *shall* hold a hearing on the issue." (Emphasis added.) R.C. 2945.37(B). Therefore, "where the issue of the defendant's competency to stand trial is raised prior to trial, a competency hearing is mandatory." *State v. Bock*, 28 Ohio St.3d 108, 109, 502 N.E.2d 1016 (1986); *see also State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 64; *State v. Jirousek*, 8th Dist. Cuyahoga No. 99641, 2013-Ohio-4796, ¶ 10.

{¶8} In *Bock*, the Ohio Supreme Court held that "the failure to hold a mandatory competency hearing is a harmless error where the record fails to reveal sufficient indicia of incompetency." *Id.* at 110. The state argues we should find the court's failure to hold a competency hearing in this case was harmless because an unsworn witness at Miller's sentencing hearing stated that a psychological report from the court's psychiatric clinic indicated he was competent.

{¶9} However, this case is distinguishable from *Bock*. In *Bock*, the court found the defendant competent because he testified at trial, was subject to cross-examination, and the record failed to reveal sufficient indicia of incompetency. *Id.*, at paragraph one of the syllabus. In this case, Miller pleaded guilty; he did not testify. At the plea hearing, Miller answered yes or no to questions about whether he understood the rights he was waiving by virtue of his guilty plea. There were no "indicia of competency" on which the court could make an accurate competency determination. Indeed, the record is devoid of any formal finding regarding Miller's competency despite an order referring Miller to the court psychiatric clinic for a competency evaluation.

{¶10} The facts of this case are identical to the facts in *State v. Flanagan*, 8th Dist. Cuyahoga No. 103680, 2017-Ohio-955, in which this court reversed the defendant's conviction because the trial court failed to hold a competency hearing before accepting the defendant's guilty plea. In *Flanagan*, we explained:

> Unlike in *Bock*, the record in this case is insufficient to allow us to conclude that the trial court's failure to conduct a competency hearing was harmless error. Although the court psychiatric clinic submitted a report, no further action was taken to determine whether Flanagan was competent — the

docket reflects that the parties did not stipulate to Flanagan's competence, the trial court did not hold a hearing to evaluate Flanagan's competence, and the trial court made no formal finding regarding Flanagan's competence after the issue was raised.

Indeed, the docket contains no reference whatsoever to Flanagan's competency after the docket entry referring him for a competency evaluation. And the transcript of the plea hearing demonstrates that the trial court made no reference to the competency report or to Flanagan's competency prior to accepting his plea. After the plea was taken, the trial court informed Flanagan of the date for sentencing. Only then did it note that there was a court psychiatric report dated June 19, 2015, concerning Flanagan's competency to stand trial, and a mitigation report dated April 27, 2015. The court then asked defense counsel if either report needed to be updated for the purposes of sentencing. The trial court made no competency determination at or before the plea hearing; its comments about the competency report, made after the plea was accepted, were the only reference it made to Flanagan's competency.

Thus, in *Flanagan,* we determined that the trial court's failure to hold a competency hearing was not harmless even though the court received a report from the court's psychiatric clinic indicating the defendant was competent.

{¶11} A criminal defendant is not required to stipulate to the court's psychiatric report because he has the right to challenge it. The purpose of a competency hearing is to give the defense an opportunity to test the validity of the findings in the report and to make a record for appellate review. Indeed, the appellate court may reverse a trial court's finding of competency. *See, e.g.*, *In re Williams*, 116 Ohio App.3d 237, 245, 687 N.E.2d 507 (2d Dist.1997) (reversing court's finding of competency where the reports and testimony of expert witnesses "muddled" incorrect standards of law and inappropriate judgments about moral responsibility.).

{¶12} The docket in this case contains no reference to Miller's competency except for the journal entry referring him for a psychological evaluation. The court mentioned the psychological report on the record at the plea hearing, but not until after Miller had already entered his guilty pleas. And rather than make a determination of competency, the court asked counsel if a competency evaluation had been done. (Tr. 20.) Although defense counsel indicated the evaluation was completed, counsel did not indicate the results of the evaluation. The only indicia of competency came from the unsworn statement of Miller's niece at the sentencing hearing that the court's psychological evaluation indicated he was competent. It is impossible to determine whether Miller entered his guilty pleas knowingly, intelligently, and voluntarily without knowing if he was competent at the time he entered them.

{¶13} The fact that the trial court referred Miller for a psychological evaluation suggests there were some indicia of incompetence. Yet, there was virtually no indicia of competence, except for a couple of vague unsworn statements alluding to a report. An evidentiary hearing is both statutorily and constitutionally required when the issue of competency is raised before trial and "there are sufficient indicia of incompetency to call into doubt the defendant's competency to stand trial." *State v. Were*, 94 Ohio St.3d 173, 175, 761 N.E.2d 591 (2002). Therefore, the trial court erred in failing to hold a competency hearing as mandated by R.C. 2945.37(B) before accepting Miller's guilty pleas.

{¶14} The first assignment of error is sustained.

**{¶15}** Having determined the trial court erred in failing to hold a competency hearing before the trial court accepted Miller's guilty pleas, the remaining assignments of error, listed in the appendix, are moot.   App.R. 12(A)(1)(c).

**{¶16}** Judgment reversed.   We remand the case to the trial court for a competency hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

**APPENDIX**

Remaining assignments of error

II.     Appellant received ineffective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendment to the United States Constitution.

III.    The trial court erred in imposing the appellant's sentence when it failed to make the required findings under R.C. 2929.11 and 2929.12.

IV.     The trial court erred when it notified the appellant of his obligation to register as a sex offender.

V.      The cumulative effect of the errors committed by the trial court and by appellant's trial counsel combined to deny appellant due process and a fair trial as guaranteed by the United States and Ohio Constitutions.

VI.     The trial court erred a deprived appellant of his property without due process of law and his rights under the Fifth Amendment of the United States Constitution when it imposed court costs outside his presence.