[Cite as *State v. Farris*, 2020-Ohio-134.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-18-047

    Appellee                                    Trial Court No. 2017CR414

v.

Bret Farris                                          **DECISION AND JUDGMENT**

    Appellant                                   Decided: January 17, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and Anthony A.
Battista III, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 14, 2018 judgment of the Erie County Court of

Common Pleas, finding appellant guilty pursuant to a negotiated plea agreement of three

counts of telecommunications harassment, in violation of R.C. 2917.21, felonies of the

fifth degree, and one count of violation of a protection order, in violation of R.C. 2919.27,

a misdemeanor of the first degree. In exchange, four additional telecommunications harassment counts, five additional protection order violation counts, and a misdemeanor menacing charge were dismissed.

{¶ 2} Appellant was sentenced to a suspended three-year term of incarceration, in addition to a five-year period of community control. For the reasons set forth below, this court reverses the judgment of the trial court and remands this case to the trial court for purposes of conducting a compulsory R.C. 2945.37(B) competency hearing regarding appellant's mental fitness to stand trial.

{¶ 3} The record reflects that appellant requested a competency evaluation, the trial court granted the request, appellant was evaluated by the Court Diagnostic & Treatment Center for both competency to stand trial and not guilty by reason of insanity assessment purposes, written reports reaching independent medical opinions adverse to appellant were forwarded to the trial court and reviewed by it, but the trial court erred in failing to subsequently conduct a compulsory R.C. 2945.37 competency hearing regarding appellant prior to case disposition.

{¶ 4} Thus, although the record reflects that counsel for appellant secured a favorable outcome for appellant in the underlying plea agreement, appellant is entitled to have the matter reversed and remanded to the trial court on the above-described procedural basis.

2.

Appellant, Bret Farris, sets forth the following two assignments of error:

I. The trial court erred when it failed to conduct a competency hearing before accepting [appellant's] plea in violation of [due process constitutional and statutory requirements].

II. The trial court erred [in ordering] a sentence that was contrary to law [by imposing community control outside appellant's presence].

{¶ 5} The following undisputed facts are relevant to this appeal. On November 8, 2017, appellant was indicted on 14 counts; seven counts of telecommunications harassment, six counts of protection order violations, and one misdemeanor menacing offense.

{¶ 6} On March 26, 2018, a pretrial conference was held. On April 3, 2018, at appellant's request, the trial court ordered an R.C. 2945.37(B) competency evaluation to be performed for purposes of determining appellant's legal competency to stand trial and to determine whether the defense of not guilty by reason of insanity may apply to appellant.

{¶ 7} The competency evaluation order was necessitated as the trial court was advised that at the time of appellant's indictment on the instant cases, appellant was a patient at an out-of-state mental health treatment facility in response to possible suicidal ideations. Accordingly, the trial court determined that it should not proceed further until appellant's legal competency to stand trial was ascertained. The evaluations of appellant

3.

were completed and submitted to the trial court. They reflected appellant to be legally competent to stand trial.

{¶ 8} However, on June 14, 2018, without first conducting the R.C. 2945.37(B) compulsory competency hearing to place the findings pertaining to appellant's competency on the record and make a formal competency determination, the trial court accepted a negotiated plea agreement and disposed of appellant's cases.

{¶ 9} On June 14, 2018, appellant entered a plea of guilty to three of the telecommunications harassment counts and one of the violation of a protection order counts. In exchange, the remaining ten offenses pending against appellant were dismissed. Appellant was sentenced to a five-year term of community control and a suspended three-year term of incarceration. This appeal ensued.

{¶ 10} In the first assignment of error, appellant asserts that the trial court committed reversible error when it accepted appellant's negotiated pleas and sentenced appellant without having first conducted an R.C. 2945.37(B) competency hearing. We concur.

{¶ 11} R.C. 2945.37(B) establishes in pertinent part, "In a criminal action in a common pleas court * * * [I]f the issue of [defendant's competency to stand trial] is raised before the trial has commenced, *the court shall hold a hearing on the issue* as provided in this section." (Emphasis added).

4.

{¶ 12} Our review of this matter is guided by *State v. Miller*, 2017-Ohio-7091, 95 N.E.3d 832 (8th Dist.), which is illustrative on the proper handling of scenarios such as the one present in the instant case.

{¶ 13} In *Miller*, as analogous to the present case, the trial court had ordered that the defendant receive a competency evaluation prior to proceeding to trial, the competency evaluation was completed, the written report was forwarded to the trial court for review, but then the trial court subsequently accepted a negotiated plea agreement without first conducting the requisite R.C. 2945.37(B) competency hearing.

{¶ 14} Given these circumstances, the *Miller* court held in relevant part, "An evidentiary hearing is both statutorily and constitutionally required when the issue of competency is raised before trial and there are sufficient indicia of incompetency to call into doubt the competency to stand trial * * * Therefore, the trial court erred in failing to hold a competency hearing as mandated by R.C. 2945.37(B) before accepting Miller's guilty pleas." *Miller*, ¶ 13-14. Accordingly, the judgment was reversed and the case was remanded to the trial court for purposes of conducting the competency hearing prior to case resolution.

{¶ 15} Likewise, we find that the trial court erred in this case in failing to hold the mandatory statutory competency hearing prior to accepting the plea agreement. Accordingly, we find appellant's first assignment of error well-taken.

5.

**{¶ 16}** Having determined that the trial court erred in failing to hold the statutorily mandated competency hearing before accepting appellant's guilty pleas, we find that the remaining assignment of error is rendered moot as a matter of law.

**{¶ 17}** An R.C. 2945.37 competency hearing must be conducted prior to the trial court's acceptance of a new proposed plea agreement or prior to proceeding to trial on the 14 originally charged offenses.

**{¶ 18}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is hereby reversed. The case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.