[Cite as *State v. Brandeberry*, 2017-Ohio-5676.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Kassi Brandeberry

    Appellant

Court of Appeals No. L-16-1137

Trial Court No. CR0201502044

**DECISION AND JUDGMENT**

Decided: June 30, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Charlyn Bohland,
Assistant State Public Defender, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Kassi Brandeberry, appeals the May 25, 2016 judgment of the

Lucas County Court of Common Pleas. For the reasons that follow, we affirm.

{¶ 2} Appellant sets forth four assignments of error:

Assignment of Error I: The juvenile court erred when it transferred Kassi Brandeberry's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a) violate a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, Ohio Constitution. (6/15/2015 Judgment Entry, p.1).

Assignment of Error II: The juvenile court erred when it transferred Kassi Brandeberry's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a) violate a child's right to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2, Ohio Constitution. (6/15/2015 Judgment Entry, p.1).

Assignment of Error III: The mandatory sentencing statutes in R.C. 2929 are unconstitutional as applied to children because they do not permit the trial court to make an individualized determination about a child's sentence or the attributes of youth, in violation of Eighth and Fourteenth Amendments to the U.S. Constitution; and Article I, Sections 9 and 16, Ohio Constitution. (A-1; 5/25/2016 Judgment Entry, pp.2-3).

Assignment of Error IV: Kassi Brandeberry was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth

2.

Amendments to the U.S. Constitution; and Article, [sic] I, Section 10, Ohio Constitution. (6/11/2015 T.pp.35-36; 5/10/2016 T.pp.5-22).

## Background Facts

{¶ 3} In the early morning hours of May 2, 2015, appellant set a fire, using gasoline, at the house located at 253 Willard, Toledo, Lucas County, Ohio. As a result of the fire, a 14-year-old young man died and a 13-year-old young man was severely injured. A firefighter was also hurt while fighting the blaze. In addition, the family pets were killed in the fire and the family lost their house and most of the contents of the house.

{¶ 4} Appellant, who was 17 years old at the time of the fire, admitted to setting the fire at the house.

## Procedural History

{¶ 5} On May 28, 2015, two complaints were filed in Lucas County Juvenile Court charging appellant with aggravated murder and burglary. The burglary charge stems from an incident which occurred in September 2014, when appellant was 16 years old, and which was unrelated to the May 2, 2015 fire.

{¶ 6} The state moved the juvenile court to transfer appellant to the general division of the Lucas County Court of Common Pleas for prosecution as an adult. A hearing was held, after which the juvenile court found probable cause that appellant had committed the offenses charged. Appellant's case was transferred to the general division of the common pleas court.

3.

**{¶ 7}** On June 30, 2015, the grand jury indicted appellant on the following charges: Count 1, aggravated murder; Count 2, murder; Counts 3, 5, 6, 7 aggravated arson; Count 4, attempt to commit aggravated murder; and Count 8, burglary.

**{¶ 8}** In April 2016, appellant pled guilty to Counts 2, 5 and 6 of the indictment, as well as to an amended Count 8, attempted burglary. In May 2016, the trial court sentenced appellant to a total prison term of 21 years to life, which included consecutive sentences. The trial court also found appellant was an arson offender, pursuant to R.C. 2909.01. The remaining counts of the indictment were dismissed. Appellant timely appealed.

## Argument and Analysis

## First Assignment of Error

**{¶ 9}** Appellant asserts that although her trial counsel failed to raise a constitutional challenge to the mandatory transfer statutes, this court can review her claims under the plain error standard to find her constitutional rights were violated. Appellant argues R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a) create an improper, irrebutable presumption that she is as culpable as an adult for the acts she committed and not amenable to treatment in the juvenile system. Appellant contends because of this irrebutable presumption, the juvenile court is prohibited from making an individualized determination of whether she is amenable to rehabilitation in the juvenile system. Appellant submits due process requires an amenability hearing before transferring a child to criminal court.

4.

{¶ 10} Appellant notes the Supreme Court of Ohio recently ruled, in December 2016, in *State v. Aalim*, Slip Opinion No. 2016-Ohio-8278 ("*Aalim I*"), that the mandatory transfer provisions in R.C. 2152.10(A) and 2152.12(A) were unconstitutional as they violate a child's right to due process.

{¶ 11} The state counters regardless of the *Aalim I* ruling, the issue here is whether a guilty plea forfeits a claim that Ohio's mandatory transfer provisions are unconstitutional. The state maintains a guilty plea bars all appealable errors except for claims that the plea was not entered voluntarily and knowingly. Even assuming arguendo appellant's claim survives a guilty plea, the state submits she cannot demonstrate the trial court committed plain error in applying the mandatory bindover statutes when those statutes have not been declared unconstitutional by appellate courts despite numerous challenges.

## *Aalim I*

{¶ 12} In *Aalim I*, a complaint was filed in juvenile court alleging the 16-year-old juvenile engaged in conduct which would be considered aggravated robbery if committed by an adult. *Id.* at ¶ 2. The complaint also contained a firearm specification. The state of Ohio moved to transfer the juvenile to the general division of the common pleas court to be tried as an adult, pursuant to R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b). *Id.* The juvenile court held a hearing and found there was probable cause to believe the juvenile committed the act alleged in the complaint, including the firearm specification. *Id.* at ¶ 3. The juvenile court transferred the case to the general division. *Id.*

5.

**{¶ 13}** After being indicted, the juvenile filed a motion to dismiss claiming the mandatory transfer provisions under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violated his due process and equal protection rights and the prohibition against cruel and unusual punishment under the United States and Ohio Constitutions. *Id.* at ¶ 4. The trial court denied the motion and the appellate court affirmed. *Id.* at ¶ 4-5. The Supreme Court of Ohio accepted jurisdiction as to whether the mandatory transfer provisions of the statutes violate juveniles' due process and equal protection rights. *Id.* at ¶ 6.

**{¶ 14}** The Supreme Court of Ohio ruled the mandatory transfer provisions under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) were unconstitutional in violation of juveniles' right to due process, but found the discretionary transfer process, set forth in R.C. 2152.10(B) and 2152.12(B) through (E), "satisfies fundamental fairness under the Ohio Constitution" and therefore severed the mandatory transfer provisions of R.C. 2152.10(A) and 2152.12(A). *Id.* at paragraph one of the syllabus, ¶ 28-29. The court declined to address the equal-protection issue because it concluded the mandatory transfer statutes violated juveniles' right to due process. *Id.* at ¶ 32.

### *Aalim II*

**{¶ 15}** After appellant filed her appeal and the parties submitted their briefs, the Supreme Court of Ohio reconsidered *Aalim I*, and found the mandatory transfer of juveniles to the general division of the common pleas court did not violate either the Ohio Constitution or the United States Constitution. *State v. Aalim*, Slip Opinion No. 2017-Ohio-2956 ("*Aalim II*"). Specifically, the Supreme Court held:

6.

Because this court failed in *Aalim I*, ___ Ohio St.3d ___, 2016-Ohio-8278, ___ N.E.3d ___, to consider the General Assembly's exclusive constitutional authority to define the jurisdiction of the courts of common pleas under Article IV, Section 4(B) of the Ohio Constitution, we grant the state's motion for reconsideration pursuant to S.Ct.Prac.R. 18.02. Upon reconsideration, we hold that the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions. We therefore vacate our decision in *Aalim I*, and we affirm the judgment of the court of appeals upholding the trial court's denial of Aalim's motion to dismiss his indictment. *Id.* at ¶ 38.

**Guilty Plea**

{¶ 16} With respect to a guilty plea, it is a complete admission of factual guilt, and a valid guilty plea waives all nonjurisdictional defects in prior stages of the proceedings. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78; Crim.R. 11(B)(1). Thus, a guilty plea does not preclude claims which attack the court's subject-matter jurisdiction. *Fitzpatrick* at ¶ 78, 79.

{¶ 17} Here, we find appellant, by entering a guilty plea, did not waive her right to raise a jurisdictional constitutional challenge with respect to the mandatory transfer provisions in R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a). We therefore find, based on the holding in *Aalim II*, the juvenile court did not err when it transferred appellant's case

7.

to the general division of the common pleas court since the mandatory transfer provisions in R.C. 2152.10(A)(1)(a) and 2152.12(A)(1)(a) are constitutional and do not violate a juvenile's right to due process. We further find the general division of the common pleas court had subject-matter jurisdiction over appellant's case. Accordingly, appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 18} In light of the findings above, it is not necessary for us to address the second assignment of error raised by appellant. Accordingly, we find appellant's second assignment of error is moot and not well-taken.

## Third Assignment of Error

{¶ 19} Appellant contends the mandatory sentencing statutes include irrebutable presumptions which do not allow the juvenile court to make an individualized determination regarding a juvenile's sentence. Appellant argues a juvenile's due process rights are violated when the juvenile court is prohibited from making an individualized determination about a juvenile's sentence. Appellant asserts the sentencing statutes will be constitutional if individualized sentencing is permitted.

{¶ 20} The state counters due process is not violated by mandatory minimum terms of imprisonment for juveniles. The state observes the Ohio Supreme Court rejected a similar challenge to the application of a mandatory term of life in prison for an offense committed by a juvenile in *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145.

8.

**{¶ 21}** A party may challenge the constitutionality of a statute on its face or as applied to a certain set of facts. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37. Under a facial challenge, the party must establish there are no circumstances under which the statute would be valid. *Id.* When a statute is challenged as applied to a certain set of facts, the party must prove, by clear and convincing evidence, the statute is unconstitutional and void when applied to the existing set of facts. *Id.* at ¶ 38.

**{¶ 22}** Here, appellant has asserted a challenge to the constitutionality of the mandatory sentencing statutes "as applied to children," which is a facial challenge to the statutes. Since appellant raised this challenge for the first time on appeal, we review appellant's constitutional challenge for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15.

**{¶ 23}** To succeed on a facial challenge to statutes under plain error review, appellant must prove: (1) the statutes are unconstitutional on their face, and their enforcement against appellant was error; (2) the constitutional infirmities of the statutes are plain and obvious; (3) the enforcement of the statutes affected appellant's substantial rights; and (4) the fairness, integrity and public reputation of the judicial proceedings were affected by the error. *In re T.M.*, 155 A.3d 400, 405 (D.C.2017); *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). An error is not plain if the Ohio Supreme Court has not rendered a definitive pronouncement on the issue at the time the trial court committed the error. *Barnes* at 28.

9.

{¶ 24} A review of the case law shows the issue of the constitutionality of the mandatory sentencing statutes in R.C. 2929, as applied to children since the statutes do not permit the trial court to make an individualized determination about a child's sentence or the attributes of youth, has not been decided by the Ohio Supreme Court. For that reason, appellant's facial plain error challenge of this issue fails because the error was not plain, as required by *Barnes*. Accordingly, appellant's third assignment of error is not well-taken.

## Fourth Assignment of Error

{¶ 25} Appellant contends her trial counsel was ineffective for failing to object to the constitutionality of both the transfer of appellant's case to adult court and the application of adult mandatory sentencing statutes to appellant. Had trial counsel objected, appellant maintains her right to appeal would have been preserved. Appellant argues she was prejudiced by her trial counsel's deficiencies.

{¶ 26} The state counters an objective standard of reasonableness does not require appellant's counsel to raise a constitutional challenge to a bindover procedure which has been in place for almost two decades and upheld after numerous constitutional challenges. In addition, the state asserts the result of the proceeding would not have changed if an amenability hearing were held because many factors weigh in favor of transferring appellant's case to the general division, and few factors weigh against the transfer.

10.

{¶ 27} In order to prevail on a claim of ineffective assistance of counsel, the party must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of effective assistance, and to show deficiency, the party claiming such deficiency must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 689; *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). To establish that a party has been prejudiced by trial counsel's deficient performance, the party must prove there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.* at paragraph three of the syllabus.

{¶ 28} Here, appellant presented no evidence that her trial counsel's performance was objectively unreasonable or that she was prejudiced by her trial counsel's failure to object to the constitutionality of the transfer of her case or the application of adult mandatory sentencing statutes to her. Absent a showing of both deficient performance and resulting prejudice, ineffective assistance is not shown. Accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 29} The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____

Thomas J. Osowik, J.               JUDGE

Christine E. Mayle, J.             _____
CONCUR.                                 JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.