[Cite as *State v. Tolliver*, 2022-Ohio-3431.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellant,          :

                                No. 111082

DENNEZ TOLLIVER,                             :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** September 29, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657424-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment entry sentencing defendant-appellee Dennez Tolliver to community-control sanctions after Tolliver pled guilty to felonious assault and having weapons while under disability. The state contends that the trial court committed plain error

by failing to reserve an indefinite prison sentence under the Reagan Tokes Law for any violation of community-control sanctions. For the reasons that follow, we dismiss this appeal as moot.

**Factual Background and Procedural History**

{¶ 2} Tolliver pled guilty to felonious assault and having weapons while under disability relating to an incident that occurred on February 24, 2021. On November 4, 2021, the trial court imposed a sentence of community-control sanctions and notified Tolliver that if he were to violate the terms and conditions of his community control, he could receive a prison term of two years to eight years on the felonious assault count and a prison sentence of 9 months to 36 months on the having weapons while under disability count. Although the Reagan Tokes Law applied to the felonious assault count, the trial court did not address the Reagan Tokes Law in its November 4, 2021 sentencing journal entry. There is no transcript from the November 4, 2021 sentencing hearing in the record on appeal.

{¶ 3} The state appealed, raising the following sole assignment of error for review:

> The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

{¶ 4} Tolliver thereafter violated the terms and conditions of his community control. On January 18, 2022, the trial court terminated community control and sentenced Tolliver to two years in prison with three years of mandatory postrelease control on the felonious assault count and 18 months in prison with two

years of discretionary postrelease control on the having weapons while under disability count, to be served concurrently.[1] The trial court also ordered that Tolliver's sentences in this case be served concurrently with his sentence in Cuyahoga C.P. No. CR-21-665135-A. The state did not appeal the trial court's sentencing of Tolliver after he violated community control.

**Law and Analysis**

{¶ 5} The state asserts that the trial court committed plain error when it "imposed a sentence of community control and reserved only a prison sentence of two years and up to eight years" on the felonious assault count rather than "reserv[ing] the sentence that was required under the Reagan Tokes Law."[2] The

---

[1] The state also asserts in its appellate brief that it "appeals the trial court's finding in CR-21-657424-A that the Reagan Tokes Law is unconstitutional." As stated above, the trial court did not address the Reagan Tokes Law in its November 4, 2021 sentencing journal entry, and the transcript from the November 4, 2021 sentencing hearing is not in the record on appeal. We note that in its January 18, 2022 sentencing journal entry, issued after the notice of appeal was filed in this case, the trial court states that the "[c]ourt has previously declared the indefinite minimum provisions of SB201 to be unconstitutional based upon the analysis of Judge Tom Heekin in *State vs. O'Neal*[,] Case No. B1903562[,] Hamilton County Court of Common Pleas." It is unclear from the limited record before us exactly when this occurred, i.e., whether the trial court had made a prior ruling in this case that the indefinite sentencing provisions were unconstitutional or whether the trial court was simply acting consistently with prior rulings made in other cases.

[2] We note that, as a result of amendments that became effective on September 30, 2021, a sentencing court is no longer required to reserve a specific prison term when sentencing a defendant to community-control sanctions. Instead, the sentencing court is required to inform the defendant of the range of prison terms available for the offense if he or she violates community control. R.C. 2929.19(B)(4) ("The court shall notify the offender that, if the conditions of the sanction are violated * * *, the court may impose * * * a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.").

state requests that "the sentence * * * be reversed and remanded to the trial court for re-sentencing as the trial court should have reserved an indefinite prison sentence under the Reagan Tokes Law for any violation of community control sanctions."

{¶ 6} Tolliver responds that the issue is moot because (1) the trial court has now terminated community-control sanctions and sentenced Tolliver to prison and (2) the state did not appeal the two-year prison sentence (which did not include "an S.B. 201 tail") the trial court imposed after Tolliver violated community control. The state did not address Tolliver's mootness argument in its appellate briefing.

{¶ 7} We agree that the issue is moot. Following a community-control violation, "'the trial court conducts a second sentencing hearing.'" *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. "'"At this second hearing, the court sentences the offender anew."'" *Jackson* at ¶ 11, quoting *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15, quoting *Fraley* at ¶ 17; *see also State v. Woody*, 6th Dist. Ottawa No. OT-21-007, 2021-Ohio-3861, ¶ 15 ("A community control violation under R.C. 2929.15(B) results in a new sentence, as the previous sentence was community control."). Given that (1) Tolliver's community control has been terminated, (2) Tolliver was sentenced "anew" to a prison term after violating community-control sanctions and (3) the state has elected not to

challenge that prison sentence on appeal,[3] whether the trial court erred in failing to "reserve the indefinite sentence that was required under the Reagan Tokes Law rather than a definite sentence" when previously sentencing Tolliver to community-control sanctions is of no consequence. *See, e.g., State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 43 (cautioning "prosecuting attorneys, defense counsel, and pro se defendants" that they must challenge sentencing errors on direct appeal from the judgment of conviction); *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27; *see also State v. Stansell*, 2021-Ohio-2036, 173 N.E.3d 1273, ¶ 3-7 (8th Dist.).

**{¶ 8}** Even if the issue were not moot, we would decline to find plain error here. Recognition of plain error is discretionary with the reviewing court. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22-23; *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error is an obvious error or defect in the trial court proceedings that affects a substantial right. *Rogers* at ¶ 22; *see also* Crim.R. 52(B). Plain error requires a showing that there was an error, i.e., a "'deviation from a legal rule,'" that the error was plain or obvious and that but for the error the outcome of the proceeding would have been otherwise. *Rogers* at ¶ 22, quoting *Barnes* at 27; *see also State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, citing *State v. Quarterman*, 140 Ohio St.3d

---

[3] Normally, an appellate court can only consider what is in the record on appeal. However, an "'event that causes a case to be moot may be proved by extrinsic evidence outside the record.'" *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000), quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16.  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.  The burden of demonstrating plain error is on the party asserting it.  *Quarterman* at ¶ 2, 16, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.

{¶ 9}  At the time of the November 4, 2021 sentencing (and also at the time of the January 18, 2022 sentencing), there were conflicting decisions from this court regarding whether the indefinite sentencing provisions of the Reagan Tokes Law were constitutional.  *Compare State v. Delvallie*, 2021-Ohio-1809, 173 N.E.3d 544 (8th Dist.) (decided May 27, 2021), *State v. Sealey*, 2021-Ohio-1949, 173 N.E.3d 894 (8th Dist.) (decided June 10, 2021), and *State v. Daniel*, 2021-Ohio-1963, 173 N.E.3d 184 (8th Dist.) (decided June 10, 2021), with *State Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.) (decided Mar. 4, 2021), *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.) (decided Mar. 25, 2021), and *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.) (decided May 27, 2021).  On February 17, 2022, in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court, in an en banc decision, resolved the conflict and rejected the constitutional challenges that had been raised to the indefinite sentencing provisions of the Reagan Tokes Law.  The Ohio Supreme Court has not yet addressed the issue.

{¶ 10}  With respect to its claim of plain error, the state asserts in its appellate brief that "it was plain error for the trial court to not impose the sentence required

under the Reagan Tokes Law" when sentencing Tolliver to community-control sanctions. The state does not identify the standard for plain error review and does not include any argument explaining why we should find plain error here. The state merely argues that the indefinite sentencing provisions of the Reagan Tokes Law are constitutional and explains why it believes this court's en banc decision in *Delvallie*, 2022-Ohio-470, was correctly decided.

{¶ 11} An appellate court is not obliged to construct or develop arguments to support an assignment of error. *See, e.g., State v. Jacinto*, 2020-Ohio-3722, 155 N.E.3d 1056, ¶ 56 (8th Dist.); *see also State v. Collins*, 8th Dist. Cuyahoga No. 89668, 2008-Ohio-2363, ¶ 91 ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if one exists.'"), quoting *State v. Franklin*, 9th Dist. Summit No. 22771, 2006-Ohio-4569, ¶ 19; App.R. 12(A)(2); App.R. 16(A)(7).

{¶ 12} Further, an error by the trial court is arguably not "plain" if the Ohio Supreme Court "has not rendered a definitive pronouncement on the issue at the time the trial court committed the error" and appellate courts disagree. *See, e.g., State v. Brandeberry*, 6th Dist. Lucas No. L-16-1137, 2017-Ohio-5676, ¶ 23-24 (appellant's plain-error, facial challenge to the constitutionality of mandatory sentencing statutes "as applied to children" failed where the issue had not yet been decided by the Ohio Supreme Court), citing *Barnes*, 94 Ohio St.3d at 28, 759 N.E.2d 1240 (the lack of a definitive pronouncement from the Ohio Supreme Court and "disagreement among the lower courts" precluded a finding of plain error); *see also*

*State v. Brown*, 12th Dist. Butler  No. CA2006-10-247, 2007-Ohio-7070, ¶ 30 ("[I]f the trial court committed an error, it was not plain or obvious if, at that time, there was no agreement among appellate courts or declaration from the Supreme Court on the issue.").

{¶ 13} The state's assignment of error is overruled.

{¶ 14} Appeal dismissed as moot.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR