[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jackson,* Slip Opinion No. 2016-Ohio-8127.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8127

THE STATE OF OHIO, APPELLANT, *v.* JACKSON, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jackson,* Slip Opinion No. 2016-Ohio-8127.]

*Criminal Law—Allocution—Crim.R. 32(A)(1) and R.C. 2929.19(A)—A trial court must afford an offender an opportunity for allocution at a community-control-revocation hearing before imposing a sentence for violating the conditions of community control.*

(No. 2015-1137—Submitted May 31, 2016—Decided December 15, 2016.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-140384, 2015-Ohio-2171.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we address the right of offenders who have violated community-control sanctions to speak on their own behalf at community-control-revocation hearings. We hold that a trial court must afford an offender an opportunity for allocution at a community-control-revocation hearing before

imposing a sentence for violating the conditions of community control. Accordingly, we affirm the judgment of the First District Court of Appeals.

**Relevant Background**

{¶ 2} Appellee, Dominic Jackson, pled guilty to a fourth-degree-felony charge of receiving stolen property, specifically a firearm, in September 2012. The trial court sentenced him to two years of community control and required him to comply with the court's standard community-control conditions, to take the General Educational Development ("GED") test and obtain GED certification, to pay court costs and probation fees, and to forfeit the firearm. The court informed Jackson that if he violated his community-control sanctions, he could be sentenced to an 18-month prison term.

{¶ 3} In May 2014, the trial court found that Jackson had failed to abide by the requirements of community control by failing to attend scheduled meetings with his parole officer and failing to make payments toward his court costs and probation fees.

{¶ 4} In June 2014, the court held a hearing on the community-control violations. Jackson appeared with counsel. Jackson stipulated to the facts of the violations and to a finding of guilty. Initially, the court stated its intention to continue the hearing for 60 days to give Jackson "a chance to get [his] act together" and to work toward his GED certification. However, after a short exchange between the judge and Jackson, which the judge described as being accompanied by "sighs and * * * eye rolling," the trial court terminated community control and sentenced Jackson to an 18-month prison sentence. When Jackson attempted to explain himself, the judge told him to be quiet.

{¶ 5} Jackson appealed, arguing in relevant part that the court violated Crim.R. 32(A)(1) by imposing a sentence without asking him if he wished to exercise his right to allocution. The state asserted that there is no right to allocution

at a community-control-revocation hearing and therefore that the court did not violate any laws or rules.

{¶ 6} The First District Court of Appeals agreed with Jackson, concluding that the hearing was a sentencing hearing and, accordingly, that Crim.R. 32(A) and R.C. 2929.19(A) entitled Jackson to make a statement in mitigation of his punishment. The appellate court found that the error was not harmless and remanded the cause to the trial court for resentencing.

{¶ 7} The state appealed, and we accepted jurisdiction to address the following proposition of law: "The right of allocution does not apply to community control violation hearings." *See State v. Jackson*, 144 Ohio St.3d 1425, 2015-Ohio-5225, 42 N.E.3d 762.

**Analysis**

{¶ 8} This case requires the court to consider the applicability of R.C. 2929.19(A) and the related sentencing rule, Crim.R. 32(A)(1).

{¶ 9} R.C. 2929.19 contains the statutory requirements applicable to courts during a sentencing hearing. In relevant part, that statute provides:

> The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony * * *. The court shall inform the offender of the * * * finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.

R.C. 2929.19(A). And Crim.R. 32(A)(1), concerning the imposition of a sentence, states that "the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 10} R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing. *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph one of the syllabus.

{¶ 11} This case presents the issue of whether a community-control-revocation hearing is a sentencing hearing for purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1). We conclude that it is. We have previously stated that "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. We reaffirmed *Fraley* earlier this year, stating in regard to a community-control-revocation hearing that " '[a]t this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes.' " *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15, quoting *Fraley* at ¶ 17. *See also State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20 (referring to a community-control-violation hearing as a "sentencing proceeding").

{¶ 12} The state argues that "trial courts are imposing an already existing sentence," when they sentence for a violation of community-control conditions and that a community-control-revocation hearing is therefore not a sentencing hearing at which an offender must be afforded an opportunity for allocution. But this argument misstates the role of the court at a community-control-revocation hearing.

{¶ 13} "If the conditions of community control are violated, R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender." *Brooks* at ¶ 20. The court must "consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *Id.* After weighing these factors, the only restriction is that the judge may not impose a prison sentence longer than that which the trial court stated it could impose at the original sentencing hearing. But there

is no predetermined sentence. The community-control-sanctions statute plainly grants the trial court discretion to impose a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum term the trial court specified at the first sentencing hearing. R.C. 2929.15(B).

{¶ 14} A trial judge's broad discretion to fashion a sentence after finding that the offender violated the conditions of community control reinforces our conclusion that a community-control-revocation hearing is a sentencing hearing for purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1). Permitting an offender to speak on his or her own behalf at a community-control-revocation hearing serves the criminal-justice system's essential goals of fairness and due process.

**Remedy**

{¶ 15} It is settled that if the trial court did not offer an offender the opportunity for allocution at a sentencing hearing and the offender raises the issue on appeal, resentencing is required unless the error is invited or harmless. *Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178, at paragraph three of the syllabus. We conclude that resentencing is also required if an offender is not given an opportunity for allocution at the sentencing hearing following community-control revocation, absent invited or harmless error.

{¶ 16} We agree with the First District that the trial court's error was neither invited nor harmless. Jackson attempted to speak several times in his own defense at the hearing, and the court told him to be quiet before imposing the maximum prison term available in this case without affording him the opportunity to speak. We recognize that Jackson fails to identify what he could have said in support of a less severe penalty. But we agree with the First District's reasoning in this case that we should not require Jackson to present evidence to establish that the error was not harmless given that on appeal he is limited to the record that was made in

the trial court and cannot present new evidence. *See also State v. Land*, 7th Dist. Mahoning No. 00-CA-261, 2002-Ohio-1531, ¶ 21.

**Conclusion**

**{¶ 17}** Based on the unambiguous language of R.C. 2929.19(A) and Crim.R. 32(A)(1) and on our own precedent, Jackson was entitled to an opportunity for allocution prior to receiving a sentence at the hearing at issue in this case. We hold that a hearing following community-control revocation is a sentencing hearing and that a trial court must abide by R.C. 2929.19(A) and Crim.R. 32(A)(1) by affording an offender an opportunity for allocution prior to imposing a sentence at such a hearing.

**{¶ 18}** We therefore affirm the judgment of the First District, which held that Jackson was entitled to an opportunity for allocution and which remanded this case to the trial court to hold a new sentencing hearing at which Jackson has the right to allocution.

Judgment affirmed.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellant.

Timothy J. Bicknell, for appellee.

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____