[Cite as *State v. Beall*, 2020-Ohio-4099.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 5-19-44

      v.

MICHAEL L. BEALL,                      O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 5-19-45

      v.

MICHAEL L. BEALL,                      O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeals from Hancock County Common Pleas Court**
**Trial Court Nos. 2018 CR 0211 and 2017 CR 0372**

**Judgments Affirmed in Part, Reversed in Part and Causes Remanded**

**Date of Decision:   August 17, 2020**

---

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Steven M. Powell* **for Appellee**

Case Nos. 5-19-44, 5-19-45

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Michael L. Beall ("Beall") appeals the November 8, 2019 and November 22, 2019 judgment entries of sentencing of the Hancock County Common Pleas Court. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On November 28, 2017, the Hancock County Grand Jury indicted Beall on a single criminal count of domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony.[1] (Case No. 2017 CR 00372, Doc. No. 1).

{¶3} On December 6, 2017, Beall appeared for arraignment and entered a plea of not guilty. (Case No. 2017 CR 00372, Doc. No. 7).

{¶4} On July 10, 2018, the Hancock County Grand Jury indicted Beall in a new case on three criminal counts including: Count One of intimidation of victim in criminal case in violation of R.C. 2921.04(B)(1), a third-degree felony; Count Two of domestic violence in violation of R.C. 2919.25(A), a fourth-degree felony; and Count Three of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor.[2] (Case No. 2018 CR 00211; Doc. No. 1)

{¶5} On August 13, 2018, Beall withdrew his pleas of not guilty and entered guilty pleas, pursuant to a plea agreement with the State to domestic violence in case

---

[1] The alleged victim is Beall's fiancé and the mother of his two minor children. (Case No. 2017 CR 00372, Doc. Nos. 1, 56).
[2] The case *sub judice* involves the same victim as in case number 2017 CR 00372. (Case No. 2018 CR 00211, Doc. Nos. 1, 11).

number 2017 CR 00372 and to domestic violence in case number 2018 CR 00211. (Case No. 2017 CR 00372, Doc. Nos. 59, 65); (Case No. 2018 CR 00211, Doc. Nos. 16, 22). Specifically, in exchange for his guilty pleas, the State agreed to dismiss Counts One and Three in case number 2018 CR 00211. (Case No. 2018 CR 00211, Doc. Nos. 16, 22, 25). The trial court accepted Beall's guilty pleas and ordered the preparation of a PSI. (Case No. 2017 CR 00372, Doc. No. 65); (Case No. 2018 CR 00211, Doc. No. 22).

{¶6} On November 1, 2018, the trial court sentenced Beall to five years of community control sanctions in both of his cases. (Case No. 2017 CR 00372, Doc. No. 69); (Case No. 2018 CR 00211, Doc. No. 27). Importantly, the sentencing entries specifically informed Beall that, if he failed to complete the term of community control, the trial court reserved 16 months in prison as to Count One in case number 2017 CR 00372 and 18 months in prison at to Count Two in case number 2018 CR 00211. (Case No. 2017 CR 00372, Doc. No. 69); (Case No. 2018 CR 00211, Doc. No. 27). Further, the sentencing entries "[ordered] that th[ese] reserved sentence[s] shall be served consecutively, one after the other, with the reserved prison term[s] imposed by this Court, this date, [in case numbers 2017 CR 00372 and 2018 CR 00211,] for a total reserve prison term of thirty-four (34) months in prison." (*Id.*); (*Id.*). The entries were filed on November 27, 2018. (Case No. 2017 CR 00372, Doc. Nos. 69, 70); (Case No. 2018 CR 00211, Doc. Nos. 27, 28).

{¶7} On February 19, 2019, Beall's probation officer submitted a request to execute the deferred community control sanction asserting that Beall failed to abide by the terms of his conditions of supervision by using a mood-altering substance and failing to obtain a diagnostic assessment in his county of residency, which the trial court ultimately granted. (Case No. 2017 CR 00372, Doc. No. 84); (Case No. 2018 CR 00211, Doc. No. 42). Beall was ordered to commence serving a seven-day term of electronic home monitoring ("EHM") beginning on February 19, 2019 through February 26, 2019. (*Id.*); (*Id.*). On February 26, 2019, Beall's probation officer submitted a second request to execute the deferred community control sanction averring that Beall failed to abide by the terms of his conditions of supervision related to EHM under the terms outlined in the trial court's order of February 19, 2019. (Case No. 2017 CR 00372, Doc. No. 87); (Case No. 2018 CR 00211, Doc. No. 45). Consequently, the trial court ordered Beall to serve a seven-day extension of EHM as a result of his failure to abide by this condition of his supervision. (*Id.*); (*Id.*).

{¶8} On September 9, 2019, the Adult Probation Department notified that trial court that Beall may have violated a general condition of supervision and several community-non-residential sanctions.[3] (Case No. 2017 CR 00372, Doc.

---

[3] Specifically, while being arrested on a bench warrant arising out of Findlay Municipal Court, Beall tested positive for use of methamphetamines, amphetamines, THC, and fentanyl. (Oct. 7, 2019 Tr. at 4, Doc. No. 82). Beall also failed to obtain his diagnostic assessment and was deemed non-compliant and discharged

Nos. 89); (Case No. 2018 CR 00211, Doc. No. 46). On October 17, 2019, the trial court held a revocation hearing wherein Beall waived an evidentiary hearing and entered an admission to violating his community control sanctions. (Oct. 17, 2019 Tr. at 5-10, Doc. No. 83); (Case No. 2017 CR 00372, Doc. No. 97); (Case No. 2018 CR 00211, Doc. No. 54). Thereafter, the trial court determined that Beall violated the terms of his community control sanctions, revoked his community control, and sentenced Beall to 16 months in prison on Count One in case number 2017 CR 00372 and 18 months in prison on Count Two in case number 2018 CR 00211. (Oct. 17, 2019 Tr. at 28, Doc. No. 83); (*Id.*); (*Id.*). Moreover, the trial court ordered that the prison terms be served consecutive to one another for an aggregate term of 34 months in prison. (*Id.*); (*Id.*); (*Id.*). The judgment entry in case number 2017 CR 00372 was filed on November 8, 2019, and the judgment entry in case number 2018 CR 00211 was filed on November 22, 2019. (Case No. 2017 CR 00372, Doc. No. 97); (Case No. 2018 CR 00211, Doc. No. 54).

{¶9} Beall filed his notices of appeal in both cases on December 6, 2019, which have been consolidated for the purpose of this appeal. (Case No. 2017 CR 00372, Doc. No. 102); (Case No. 2018 CR 00211, Doc. No. 58). He raises two assignments of error for our review. We will begin by addressing Beall's first assignment of error followed by his second assignment of error.

---

from services as a result of missing his scheduled appointments. (Case No. 2017 CR 00372, Doc. No. 89); (Case No. 2018 CR 00211, Doc. No. 46). (Oct. 7, 2019 Tr. at 4, Doc. No. 82).

**Assignment of Error I**

**Because the trial court did not state the required findings under R.C. 2929.14(C)(4) to impose consecutive sentences at Appellant's sentencing hearing, the trial court's sentence was contrary to law.**

{¶10} In his first assignment of error, Beall argues that the trial court erred by imposing consecutive sentences. Specifically, Beall argues that the trial court did not state the required findings under R.C. 2929.14(C)(4) on the record at the October 17, 2019 sentencing hearing, and thus, his consecutive sentences are contrary to law.

*Standard of Review*

{¶11} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See State v. Jung,* 8th Dist. Cuyahoga No. 105928, 2018-Ohio-1514, ¶ 14 (applying the standard of review set forth in R.C. 2953.08(G)(2) to review a sentence imposed after the defendant's community control was revoked). *See also State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11, (concluding that a community-control-revocation hearing is a sentencing hearing for the purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1)). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as

to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶12} According to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶13} Revised Code 2929.14(C)(4) requires the trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist.

Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶14} The trial court must state the required findings at the sentencing hearing when imposing consecutive sentences and incorporate those findings into the sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶15} Relevant to this discussion and at the October 17, 2019 sentencing hearing, the following exchange occurred in open court between the trial judge and Beall.

> [Trial Court]: And in the 2018 CR 211 case, I'm going to order that the 18-month sentence that was reserved be imposed. Again, finding that the imposition of a prison sentence is now

consistent a [sic] the principles and purpose of sentencing.

Further, pursuant to the prior agreements of the parties and the sentencing entry in 2018 CR 211, I am going to order that those sentences run consecutively, one after the other, for a total aggregate prison sentence of 34 months.

It was jointly-recommended consecutive sentence.  I don't believe I need to make findings.  However, certainly under 2929.14, as I've already discussed, they are offenses of violence.  The 218 [sic] case occurred while you were on bond in the 2017 case.

And again, they are offense of violence against the same victim and you have failed to avail yourself of the community control that we have offered you.

I think clearly under R.C. 2929.14(C), the record reflects that the necessary findings

could be made and the court makes those findings for purposes of imposing consecutive sentences.

(Oct. 17, 2019 Tr. at 28-29, Doc. No. 83).

{¶16} We are not able to find support in the record for the proposition that there was a joint-sentencing recommendation made to the trial court as to consecutive sentences. (Aug. 13, 2018 Tr. at 3-4, Doc. No. 80); (Nov. 1, 2018 Tr. at 27, Doc. No. 81); (Oct. 17, 2019 Tr. at 28-29, Doc. No. 83); (Case No. 2017 CR 00372, Doc. Nos. 59, 65, 69, 97); (Case No. 2018 CR 00211, Doc. Nos. 16, 22, 25, 27, 54). However, notwithstanding this determination, the trial court did make alternative findings as to factors it considered in imposing consecutive sentences. (Oct. 17, 2019 Tr. at 28-29, Doc. No. 83). Specifically, the trial court alluded to factors relative to the offenses being offenses of violence and involving the same victim; however neither of these factors are enumerated factors under R.C. 2929.14(C)(4)(a)-(c). (Oct. 17, 2019 Tr. at 28-29, Doc. No. 83). *See* 2929.14(C)(4)(a)-(c). Nevertheless, the trial court did state that Beall was convicted of an offense (in case number 2018 CR 00372) *while he was out on bond* in case number 2017 CR 00211. (*Id.*). *See* R.C. 2929.14(C)(4)(a).

{¶17} Even if we were to conclude that the trial court's limited discussion related to R.C. 2929.14(C)(4)(a) was sufficient, the trial court made no statements

relative to the protection of the public, the punishment of the offender, or the proportionality of the seriousness of the offender's conduct as required under R.C. 2929.14(C)(4) at the October 17, 2019 sentencing hearing.[4] *See Sharp*, 2014-Ohio-4140, at ¶ 50, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 29. Importantly, a trial court must engage in such a discussion relative to the protection of the public, the punishment of the offender, and the proportionality of the seriousness of the offender's conduct analysis *each time* a criminal defendant is sentenced in a case. *See State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, at ¶ 11, quoting *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 15, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17, ("We reaffirmed *Fraley* * * *, stating in regard to a community-control-revocation hearing that "'[a]t this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes.'"").

{¶18} Therefore, under the facts presented, we cannot conclude that the trial court made the statutory findings as required by R.C. 2929.14(C)(4) each time it sentenced Beall, and consequently, his sentence is clearly and convincingly contrary to law.

{¶19} Accordingly, we sustain Beall's first assignment of error.

---

[4] Notably, the trial court did include findings related to protection of the public, punishment of the offender, and proportionality as to the seriousness of Beall's conduct in the November 8, 2019 and November 22, 2019 judgment entries. (Case No. 2017 CR 00372, Doc. No. 97); (Case No. 2018 CR 00211, Doc. No. 54).

### Assignment of Error II

**Because the record, as shown by clear and convincing evidence, does not support the trial court's findings under R.C. 2929.14(C)(4), pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant was not supported by the record.**

{¶20} In his second assignment of error, Beall argues that the sentences he received are not supported by the record, and are, therefore, contrary to law. However, our ruling on Beall's first assignment of error has rendered this argument moot as we have already vacated his sentences and remanded these cases for resentencing. For this reason, we decline to address these issues under App.R. 12(A)(1)(c).

{¶21} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we affirm the convictions of the defendant-appellant, but we reverse the sentences of the trial court and remand these matters for resentencing in the trial court.

*Judgments Affirmed in Part,*
*Reversed in Part and*
*Causes Remanded*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**