[Cite as *State v. Betz*, 2020-Ohio-5226.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-137 |
| | : | O P I N I O N |
| - vs - | | 11/9/2020 |
| | : | |
| GENE CHARLES BETZ, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR15-05-0765

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Engel & Martin, LLC, Jim L. Hardin, 4660 Duke Drive, Suite 101, Mason, Ohio, 45040, for appellant

**RINGLAND, J.**

{¶1} Appellant, Gene Betz, appeals the sentence imposed by the Butler County Court of Common Pleas following the revocation of his community control. For the reasons detailed below, we affirm.

{¶2} Betz pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a fourth-degree felony. In its January 14, 2016 judgment entry of

conviction, the trial court sentenced Betz to five years of community control and advised him that "[v]iolation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of 18 months."

{¶3}    On May 12, 2017, the Butler County Adult Probation Department filed a report and notice of violation. In the notice, the Probation Department alleged that Betz had violated Rule 5 of the conditions of his community control by failing to report and that attempts to locate him had failed. The notice indicated that Betz's last face-to-face contact with the department was on January 23, 2017.

{¶4}    On May 18, 2017, the Probation Department filed another report and notice of violation that Betz had also violated Rule 7 when he admitted to using heroin. The Probation Department also alleged that Betz had violated Rule 12 by failing to make payments toward his ordered financial obligation.

{¶5}    Following a hearing, the trial court found that Betz had violated the terms of his community control. The trial court continued Betz's community control and ordered him to successfully complete inpatient treatment.

{¶6}    On March 27, 2019, the Probation Department filed another report, alleging that Betz had again violated Rule 5 for failing to report to his probation officer. The next day, the Probation Department filed again, alleging that Betz had violated: (1) Rule 1 because he had been charged with two misdemeanors, (2) Rule 5 for failing to report, (3) Rule 7 for testing positive for amphetamines and methamphetamines, and (4) Rule 12 for failing to make payments towards his court-ordered financial obligations.

{¶7}    The trial court held another community control revocation hearing where Betz admitted to the violations. During the hearing, Betz's attorney informed the trial court that Betz had been assessed and accepted for drug treatment and requested that his client be given another chance to maintain sobriety. The trial court stated that it had no knowledge

of the assessment, had not received any indication of a screening result, and that no information of this kind was contained in the probation violation report. Betz interrupted by explaining that he had been "great" in prior treatment and blamed his relapse on the deaths of his girlfriend and his mother and wanted another chance for treatment. At some point, an unidentified speaker told the trial court that a message from a probation officer had been received that indicated a bed was available for Betz at a treatment facility. The trial court then noted that the probation officer did not recommend treatment in the report. The unidentified speaker then stated that her recommendation "stays the same."

{¶8} The trial court then addressed Betz and stated that its biggest concern was his repeated failure to report to the probation department. The trial court noted that reporting to the probation department is the first requirement of community control and, although it could be forgiving about "a lot of things," it could not overlook that Betz continued to fail to report. In revoking community control, the trial court stated:

> The Court's had an opportunity to consider this matter in conjunction with the purposes and principles of sentencing set forth in the Ohio Revised Code Section 2929.11 and the seriousness and recidivism factors set forth in Ohio Revised Code Section 2929.12.
>
> Having considered all of the foregoing, the Court finds at this time that [Betz] is not amenable to available community control sanctions - - or is no longer amenable to available community control sanctions. His Rule 7 violation is more than a mere technical violation. It's actually a new felony, both serious drugs, amphetamine and methamphetamines. And the T-CAP's not applicable in this case.
>
> [Betz] is prison eligible, and his sentence is such that the Court is going to send him to prison here today. We're going to order that his community control in this case be revoked. We're going to reimpose the original sentence of 18 months in the Ohio Department of Rehabilitation and Corrections. Against that sentence, I would give him 165 days credit as of today.

{¶9} Betz now appeals from the trial court's decision revoking community control

and sentencing him to 18 months in prison, raising two assignments of error for review.

{¶10} Assignment of Error No. 1:

{¶11} THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE OF 18 MONTHS ON APPELLANT FOR A COMMUNITY CONTROL SANCTION VIOLATION BY FAILING TO PROPERLY CONSIDER R.C. 2929.11 AND R.C. 2929.12.

{¶12} In his first assignment of error, Betz argues the record does not support the trial court's imposition of an 18-month prison term. Betz argues that if the trial court had considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, it would not have sent him to prison. Betz's argument is without merit.

{¶13} When an offender violates the conditions of his community control, "R.C. 2929.15(B) provides the trial court [with] a great deal of latitude in sentencing the offender." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 20. Pursuant to R.C. 2929.15(B), a trial court has the option of imposing "a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum that the trial court specified at the first sentencing hearing." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 13.

{¶14} In the present case, the trial court elected to impose a prison term of 18 months on Betz for his violation of community control. "We review the trial court's sentencing decision for a community control violation under the standard of review set forth by R.C. 2953.08(G)(2)." *State v. Roberts*, 12th Dist. Butler No. CA2019-02-025, 2019-Ohio-4205, ¶ 5. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶15} A sentence is not clearly and convincingly contrary to law where the trial court

considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the purposes and principles and seriousness and recidivism factors listed in R.C. 2929.12 and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *Id.* at ¶ 1, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 7.

{¶16} In *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, we held that when imposing a sentence for an offender's violation of community control, the trial court shall consider the R.C. 2929.11 purposes and principles of felony sentencing as well as the relevant seriousness and recidivism factors set forth in R.C. 2929.12 in imposing a sentence. *Id.*

{¶17} Following review, we find no error in the trial court's decision to sentence Betz to 18 months in prison for his community control violation. Betz's sentence is not clearly and convincingly contrary to law as the sentence falls within the permissible statutory range for a fourth-degree felony in accordance with R.C. 2929.14(A)(4) and the sentence did not exceed the maximum prison term that was specified by the trial court at appellant's initial sentencing hearing. *See Jackson*, 2016-Ohio-8127 at ¶ 13. Furthermore, contrary to Betz's assertions, the record reflects that the trial court considered the principles and purposes of sentencing and recidivism factors when it revoked Betz's community control and imposed an 18-month prison term, even specifically citing R.C. 2929.11 and 2929.12 during Betz's sentencing hearing. When imposing Betz's sentence, the trial court stated that its biggest concern was that Betz demonstrated a history of failing to report to the probation department and accumulating probation violations. As a result, the trial court found that Betz was no

longer amenable to available community control sanctions. In addition, since Betz violated Rule 7 by abusing drugs, the trial court found that he had not committed a technical violation. Merely because the trial court did not continue community control or impose the sentence that Betz may have preferred, does not mean that the trial court did not consider both the purposes and principles and the seriousness and recidivism factors of R.C. 2929.11 and R.C. 2929.12. Betz's first assignment of error is overruled.

{¶18} Assignment of Error No. 2:

{¶19} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶20} In his second assignment of error, Betz argues he was denied effective assistance of counsel. We disagree.

{¶21} To establish a claim of ineffective assistance of counsel, the appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *State v. Patrick*, 12th Dist. Butler No. CA2015-05-090, 2016-Ohio-995, ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Strickland* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. An appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 54.

{¶22} Betz's argument stems from the portion of his attorney's argument to the trial court where he stated that Betz had been accepted at a treatment facility. When the trial court stated that it did not have any information regarding the treatment facility, an unidentified speaker informed the court that an officer with the probation department

determined that a bed was available at the treatment facility, but that the "recommendation stays the same."  As a result, Betz alleges his trial counsel was ineffective because he failed to object during the sentencing hearing or request a continuance so that he could subpoena Betz's probation officer to inquire about the treatment program or any mitigating circumstances for his relapse.

{¶23}  Following review, we find Betz did not receive ineffective assistance of counsel.  The record reflects that even if Betz had been accepted into a drug treatment program, it would not have changed the probation department's recommendation of prison, nor would that have had a reasonable probability of impacting the trial court's sentencing decision.  As noted by the trial court, Betz had been given numerous chances to comply with the terms of his community control but continued to violate.  The trial court stated that its biggest concern was that Betz failed to report to his probation officer and that based on the probation violation report, it was "not going to be considering" Betz's request for continued community control with treatment.  Rather, as noted in resolution of Betz's first assignment of error, the trial court considered the relevant factors and imposed a prison sentence.  Thus, even if we were to find error, which we do not, Betz has failed to show the existence of a reasonable probability that the outcome of his revocation hearing would have been different.  Betz's second assignment of error is overruled.

{¶24}  Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.