[Cite as *State v. Farris*, 2022-Ohio-3584.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                           Court of Appeals No.  E-21-033

      Appellee                                     Trial Court No.  2017 CR 0414

v.

Bret Farris                                            **<u>DECISION AND JUDGMENT</u>**

      Appellant                                    Decided:  October 7, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Meredith A. O'Brien, for appellant.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} Appellant, Bret Farris, appeals the August 21, 2021 judgment of the Erie
County Court of Common Pleas, revoking his community control and imposing a 36-
month prison term.

{¶ 2} Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 3} On June 14, 2018, the Erie County Court of Common Pleas found appellant guilty pursuant to a plea agreement, in which appellant entered a guilty plea to three counts of telecommunications harassment, in violation of R.C. 2917.21, felonies of the fifth degree, and one count of violation of a protection order, in violation of R.C. 2919.27, a misdemeanor of the first degree. In exchange, the state dismissed four additional telecommunications harassment counts, five additional protection violation counts, and a misdemeanor menacing count. The trial court imposed a five-year community control sentence, with an aggregate 36 month prison term held in reserve. Appellant appealed, arguing the trial court erred by failing to conduct a competency hearing pursuant to R.C. 2945.37(B), prior to plea and sentencing. *State v. Farris,* 6th Dist. Erie No. E-18-047, 2020-Ohio-134, ¶ 4. We vacated the conviction and remanded, finding "[a]n R.C. 2945.37 competency hearing must be conducted prior to the trial court's acceptance of a new proposed plea agreement or prior to proceeding to trial on the 14 originally charged offenses." *Id.* at ¶ 17.

{¶ 4} After remand, on September 22, 2020, appellant entered a guilty plea to three counts of telecommunications harassment and one count of violating a protective order. The trial court again imposed a five-year community control sentence with a reserved 36 month prison term. Appellant appealed a second time, arguing he should have received credit on his current sentence for the 526 days he was on community

2.

control under the original sentence. *State v. Farris,* 6th Dist. Erie No. E-20-019, 2021-Ohio-2135, ¶ 6. In affirming the sentence, we noted that "credit for time served to reduce an overall sentence is generally applicable only when a jail or prison term is imposed." *Id.* at ¶ 10.

{¶ 5} On April 12, 2021, during the pendency of the second appeal, the trial court held a hearing based on a probable cause letter dated January 25, 2021, and found probable cause of a community control violation. The trial court held a community control violation hearing over three days, on July 1, August 5, and August 19, 2021.

{¶ 6} At the hearing the state presented testimony of appellant's probation officer, Michael Corriveau. At their initial meeting in September 2020, Corriveau and appellant reviewed the written conditions of his community control, placing him on intensive supervision. Appellant acknowledged the requirements, including regular reporting, no new offenses, and obtaining permission prior to leaving the state. Appellant requested he begin serving his community control in a treatment facility, and Corriveau agreed to excuse weekly reporting in lieu of regular status reports from the treatment facility. Corriveau received the last update from the treatment facility on October 14, 2020, as after this date the treatment facility indicated it no longer had a valid release to provide Corriveau with information. Corriveau believed appellant left the treatment program based on the apparent termination of appellant's release on file with the facility. Appellant did not provide a new address to Corriveau.

3.

{¶ 7} Around October 14 or 15, 2020, appellant called Corriveau and told him the Sandusky Police were attempting to serve him with a warrant at his mother's home. After investigating, Corriveau learned that appellant had a new case filed in the Sandusky Municipal Court, charging appellant with violating a civil protection order. The alleged conduct occurred in the days preceding the warrant. As a result, Corriveau caused a warrant to issue for a community control violation.

{¶ 8} Corriveau's last contact from appellant was October 20, 2020, when appellant called and left a voice mail message for Corriveau stating he was aware of the warrant for the violation, and was trying to get an attorney to handle the new case. Corriveau returned appellant's call and left a voicemail message, but had no further contact with appellant for over two months.

{¶ 9} Appellant could not be located to serve the warrant throughout November and December 2020. On January 5, 2021, Corriveau received a call from the Sandusky Police Department, indicating they had an address for appellant in the state of Michigan. On January 13, 2021, appellant finally contacted Corriveau. He called and informed Corriveau "he was in Sandusky, Ohio and that he was going to turn himself in at the Erie County Jail" the next day. However, appellant remained at large, with his whereabouts unknown, until January 20, 2021, when he was arraigned in Wayne County, Michigan on an extradition warrant and returned to Ohio.[1] Based, in part, on appellant's new offenses,

---

[1] Corriveau testified regarding the Michigan proceedings without any objection by appellant. The state entered a "Register of Actions" for the Michigan case over

his failure to provide an address, and his absence from the state without permission, Corriveau issued the probable cause letter.

{¶ 10} Corriveau alleged that appellant violated the terms and conditions of his community control by failing to provide a change of address, failing to obtain permission prior to leaving the state, failing to report, failing to obey federal, state, and local laws, and failing to maintain employment unless relieved of the obligation. Additionally, Corriveau alleged that appellant had not complied with his child support obligations or made a good faith effort to pay his court costs, and failed to complete all phases of his intensive supervision probation.

{¶ 11} The state next presented testimony from Sandusky Police Department Sergeant Evan Estep over the objection of appellant's counsel, who argued Sergeant Estep's testimony had not been disclosed to her in advance. Despite counsel's acknowledgement that she represented appellant in all of his pending cases, including the protection order violation case, counsel believed the state was required to provide the report referenced in Estep's testimony in advance of the hearing. The trial court recessed hearing to provide counsel time to review the report.[2]

---

appellant's objection based on lack of authentication. The register lists the case number, parties, charge (Fugitive from Justice, Mich.Comp.Laws.Ann. 780.12) and docket entries, indicating the charge was filed on January 18, 2021 and terminated as "Extradited – Case Dismissed" on January 20, 2021.

[2] The report is included with the exhibits in the record on appeal, but although the report was introduced during Estep's testimony, there is no record of a request to admit the report.

5.

{¶ 12} After the revocation hearing resumed, Sergeant Estep testified that on October 11, 2020, he responded to a complaint by appellant's former girlfriend, T.A., alleging appellant had contacted her in violation of a civil protection order. T.A. provided Estep with a letter she had received. Based on his investigation, Estep determined the letter was sent by appellant from the treatment center where he was receiving care, and that there was a protection order in effect that barred appellant from contacting T.A. Estep issued a warrant for appellant's arrest and appellant was charged in the Sandusky Municipal Court with violation of a protection order.

{¶ 13} The state admitted, without objection, a copy of the written conditions of community control, signed by appellant at his first meeting with Corriveau, and the probable cause letter dated January 25, 2021. Appellant, through counsel, objected to admission of the court record from the extradition warrant case in Michigan, arguing a lack of authentication because the docket print-out was not a certified copy. The trial court admitted the exhibit, over appellant's objection.

{¶ 14} Appellant called Angela Harris as his witness. Harris is a behavioral health therapist, providing mental health and chemical dependency treatment. She had known appellant for four to five years, and provided treatment to him "off and on." At appellant's request, Harris contacted the treatment facility and verified appellant was there between September 22 and December 23, 2020, and wrote to Corriveau with this information on March 8, 2021. Appellant had provided a written release to the treatment

6.

center, in February 2021, to permit the facility to provide that information to Harris. Appellant admitted, without objection, the letter from Angela Harris to Corriveau, dated March 8, 2021.[3]

{¶ 15} At the close of hearing, the trial court heard argument of counsel. Appellant's trial counsel noted appellant's improvement due to his mental health treatment and asked the trial court to keep him on community control. Appellant also spoke on his own behalf, and argued that he should stay on community control so that he could continue treatment. The trial court, however, noted appellant's lengthy criminal history that included violent offenses and numerous victims, and revoked community control and imposed the reserve prison sentence, 36 months.

{¶ 16} Appellant filed a timely appeal.

### B. Assignments of Error

{¶ 17} Appellant challenges the judgment, arguing the following assignments of error:

> 1. Appellant was denied due process when the State was permitted to offer unauthenticated evidence against him as a probationer in his revocation proceedings.

---

[3] Appellant also attempted to subpoena various employees of the treatment facility, but due to the facility's refusal to cooperate, appellant was unable to locate and serve any employee he had identified as an individual who provided him treatment.

2. Appellant was denied due process when the evidence against [sic.] produced against him in his revocation proceedings was not disclosed to him prior to his revocation proceedings.

3. Appellant was denied due process when his community control sanctions were revoked on the bases of hearsay within hearsay and/or evidence which did not satisfy the authentication requirements of Evid.R. 901, 902, 903.

## II.    Analysis

{¶ 18} Appellant argues all three assignments of error together, challenging the due process afforded to him at his revocation hearing based on the state's admission of the Michigan court case document and Corriveau's testimony as to what others told him regarding appellant's arrest in Michigan.[4]  He argues that the trial court revoked his community control, without proper due process, based on hearsay within hearsay and unauthenticated documentary evidence.  In support, appellant relies on law applicable to probation revocation proceedings as established by the United States Supreme Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

---

[4] While appellant's second assignment of error references Estep's testimony, which the trial court permitted after the state had rested, there is no corresponding argument within appellant's brief that admitting this testimony resulted in error.  Appellant merely states, "Neither Sergeant Estep's testimony nor the evidence his testimony related to was disclosed to Appellant prior to the revocation proceedings and was offered over Appellant's objections."  We restrict our analysis to issues actually argued.

8.

{¶ 19} A revocation hearing addressing a community control violation is different than the hearing afforded one on probation. Since 1996, probation, or "time served during suspension of a sentence," has been replaced by community control, or a sanction "imposed as the punishment for an offense[.]" *State v. Heinz,* 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 14, citing *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 17.

{¶ 20} "[I]n contrast to probation violation and revocation proceedings as described by the court in *Gagnon,* community control violation hearings are formal, adversarial proceedings." *Heinz,* at ¶ 16. Unlike a probation violation hearing, "a community control revocation hearing is a sentencing hearing for purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1)." *State v. Jackson,* 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 14. At hearing, the defendant must be present and notified of the grounds for the violation, and the trial court must provide an opportunity for allocution prior to imposing sentence. Crim.R. 32.3(A).[5] If the trial court finds a violation, it has discretion "to impose a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of

---

[5] Crim.R. 32.3 provides the procedural framework for the community control revocation hearing as follows:
    (A) Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
    (B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. * * *

9.

that available for the original offense, up to the maximum term the trial court specified at the first sentencing hearing. *Jackson* at ¶ 13, citing, R.C. 2929.15(B).

{¶ 21} While the proceeding differs from the hearing addressed in *Gagnon,* the determination of a violation is not a criminal trial requiring proof of a community control violation beyond a reasonable double. *State v. Irons,* 6th Dist. Wood No.WD-21-073, 2022-Ohio-2177, ¶ 11, citing *State v. Blankenship,* 3d Dist. Crawford No. 3-21-20, 2022-Ohio-1808, ¶ 15. Instead, the state need only show substantial evidence of violation of the terms of a community control sanction. *Id.;* see also *State v. Clark,* 6th Dist. Wood No. WD-12-073, 2013-Ohio-4831, ¶ 15. "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance." (Citation omitted) *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶ 18 (6th Dist.). In reviewing the trial court's judgment, we will not reverse a decision to revoke community control absent a showing of an abuse of discretion. *Ohly* at ¶ 19.

{¶ 22} In this case, the trial court held a probable cause hearing on April 12, 2021, to address the allegations in Corriveau's January 25, 2021, probable cause letter. Appellant appeared for this hearing, with counsel. Thus, as of April 2021, appellant was on notice regarding the allegations within Corriveau's January letter. Appellant was also present for the revocation hearing, with counsel. At hearing, the state presented testimony by Corriveau, without objection, that appellant was in Michigan, without

10.

notice or permission, and returned to Ohio on the extradition warrant. The state also presented testimony demonstrating appellant failed to maintain contact with Corriveau or provide an address. Finally, both Corriveau and Estep testified regarding new charges filed against appellant based on allegations he violated a civil protection order. Corriveau first learned of these charges after appellant, himself, asked about the warrant issued in the new case.

{¶ 23} Appellant's due process challenge to the revocation proceedings rests on evidentiary objections to unauthenticated documents and "hearsay within hearsay" in the testimony. As to the unauthenticated print-out of the Michigan fugitive warrant proceedings, appellant did not otherwise object during the hearing to Corriveau's testimony regarding the information contained within that document. On appeal, however, appellant argues hearsay within hearsay concerning Corriveau's testimony that Officer Williams of the probation department "had received a phone call" informing Williams that the Sandusky Police "had a good address" for appellant in Michigan. Essentially, appellant now argues that Corriveau's testimony regarding the circumstances in which appellant was taken into custody constituted impermissible hearsay in the absence of testimony "regarding the circumstances surrounding appellant's arrest in or around the State of Michigan[.]" Otherwise, appellant argues, the evidence demonstrated "substantial or reasonably substantial compliance with the terms and conditions of his probation and/or explained in mitigation his 'non-compliance,' making revocation of his

11.

probation and invocation of his prison sentence contrary to law and ultimately in denial of his right to due process[.]"

{¶ 24} As previously noted, revocation proceedings are not criminal trials, are "not subject to the rules of evidence and thus allow for the admission of hearsay evidence." *Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at ¶ 21. Evid.R. 101(C) specifically excepts "proceedings with respect to community control sanctions" from application of the rules of evidence. Furthermore, unless hearsay is the sole evidence supporting the determination of a violation, the introduction of hearsay evidence is not reversible error. *Id.* The challenged evidence, in this case, was not the only evidence of a violation.

{¶ 25} In addition to the evidence showing appellant left the state, Corriveau testified that appellant ceased all contact for over two months, and appellant's whereabouts could not be determined until appellant was taken into custody in late January, 2021. Even if the trial court credited appellant's evidence, demonstrating he remained at the treatment facility through December, appellant still failed to contact Corriveau for about a month, and appellant failed to provide a current address for that same period, each failure a violation of the terms of his community control.

{¶ 26} Finally, evidence of statements provided to Corriveau during the course of his investigation into appellant's whereabouts is not clearly hearsay. Hearsay is an out of court statement "offered in evidence to prove the matter asserted in the statement."

12.

Evid.R. 801(C). In this case, Corriveau testified that he contacted the sheriff's department and learned that appellant was taken into custody in Michigan. A statement offered to explain the process of an investigation is not hearsay, or not offered for its truth. *See, e.g., State v. Newsome,* 4th Dist. Hocking No. 2017-Ohio-7488, ¶ 23 (out of court statements, admitted during revocation hearing, related to steps taken to identify and locate the defendant and were not hearsay, as "they served as an explanation of the process of the investigation").

{¶ 27} Considering the testimony and evidence offered at hearing, the state presented substantial evidence of community control violations. The record demonstrates the trial court's compliance with Crim.R. 32.3(A) and (B), or notice of the grounds for hearing and representation by counsel at the revocation hearing. The record, further, demonstrates that appellant ceased all contact with Corriveau for a month or more, failed to provide a current address, and left the state without notice or permission after learning of a warrant for his arrest. Based on this record, we find no abuse of discretion by the trial court and appellant's three assignments of error are found not well-taken.

### III.        Conclusion

{¶ 28} Having found substantial justice has been done, we affirm the judgement of the Erie County Court of Common Pleas entered August 19, 2021. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                                    Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                     _____
                                                              JUDGE

Christine E. Mayle, J.

                                    _____

Gene A. Zmuda, J.                                    JUDGE
CONCUR.

                                    _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.