[Cite as *State v. Isaacs*, 2023-Ohio-1432.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 3-22-43

      v.

JESSE ISAACS,                        **O P I N I O N**

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 3-22-44

      v.

JESSE ISAACS,                        **O P I N I O N**

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 3-22-45

      v.

JESSE ISAACS,                        **O P I N I O N**

      DEFENDANT-APPELLANT.

Case Nos. 3-22-43, 3-22-44, 3-22-45

**Appeals from Crawford County Common Pleas Court
Trial Court Nos. 21-CR-0239, 21-CR-0216 and 21-CR-0191**

**Judgments Affirmed**

**Date of Decision:   May 1, 2023**

**APPEARANCES:**

*Christopher Bazeley* **for Appellant**

*Daniel J. Stanley*  **for Appellee**

**WALDICK, J.**

**{¶1}** Defendant-appellant, Jesse Isaacs ("Isaacs"), brings these appeals from the October 27, 2022, judgments of the Crawford County Common Pleas Court revoking his community control for violating the terms of his judicial release and reimposing the balance of his original prison sentence. On appeal, Isaacs contends that the State failed to prove that he violated the terms of his judicial release, and that the trial court erred by failing to provide him an opportunity for allocution before his prison sentence was reimposed. For the reasons that follow, we affirm the judgments of the trial court.

*Background*

**{¶2}** Pursuant to a plea agreement, Isaacs was convicted of three charges from three separate indictments: Tampering with Evidence in violation of R.C. 2921.12(A)(1), a third degree felony (trial court case 21CR0191); Corrupting Another with Drugs in violation of R.C. 2925.02(A)(4)(a), a fourth degree felony (trial court case 21CR0216); and Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3), a third degree felony (trial court case 21CR0239). As a result of his convictions, Isaacs was sentenced to serve an aggregate 48-month prison term.

**{¶3}** On May 16, 2022, Isaacs filed a motion for judicial release. The State did not object to the motion. Following a hearing on the matter, Isaacs was granted judicial release and placed on community control.

**{¶4}** On August 29, 2022, the court's probation department filed a "Notice of Violation" alleging that Isaacs had violated the terms and conditions of his community control by consuming drugs and alcohol. The State indicated that Isaacs had actually overdosed and required the use of "narcan."

**{¶5}** On October 26, 2022, the matter proceeded to a hearing wherein the Chief Probation Officer for Crawford County Common Pleas Court testified that he tested Isaacs for drugs and alcohol following the "narcan" incident and the test came back positive for fentanyl, THC, and alcohol. Based on the evidence presented, the

trial court found that Isaacs had violated his community control. The trial court then terminated Isaacs's community control and reimposed his remaining prison term. Isaacs brings the instant appeals from the trial court's judgments, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it failed to provide Isaacs with an opportunity to allecute** [sic] **before it imposed sentence.**

**Assignment of Error No. 2**
**The State failed to prove that Isaacs knowingly violated a term of his supervised release.**

**{¶6}** For ease of discussion we will address the assignments of error out of the order in which they were raised.

*Second Assignment of Error*

**{¶7}** In his second assignment of error, Isaacs argues that the trial court erred by finding that he had violated the terms of his supervised release.

Standard of Review

**{¶8}** A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his release will not be disturbed absent an abuse discretion. *State v. Lammie*, 3d Dist. Crawford No. 3-21-12, 2022-Ohio-419, ¶ 9. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

Relevant Authority

{**¶9**} Because a judicial release revocation hearing is not a criminal trial, the State is not required to establish a violation beyond a reasonable doubt. *Lammie* at ¶ 16. Rather, the State must show "substantial proof" that the offender violated the terms of his judicial release. *Id*. Moreover, because the hearing is not a criminal trial, it is not subject to the rules of evidence. *Id*.

Evidence Presented

{**¶10**} At the judicial release revocation hearing, the State presented the testimony of the Chief Probation Officer for the Crawford County Common Pleas Court, Eric Bohach ("Chief Bohach"). He testified that Isaacs signed the terms and conditions of his judicial release with the probation department on July 6, 2022.

{**¶11**} As to Isaacs's alleged violations, Chief Bohach testified that he received a phone call from the Crestline Police Department inquiring as to whether Isaacs was on probation because Isaacs had potentially overdosed in the parking lot of the fire department. Chief Bohach responded that Isaacs was on probation, then he went to the area, spoke with Isaacs, and asked him to submit to a drug test/urinalysis. Isaacs complied and tested positive for THC, fentanyl, and alcohol.

{**¶12**} Chief Bohach asked Isaacs about the test results and Isaacs emphatically denied using fentanyl. Isaacs also claimed that the THC must have been from a CBD product, and Isaacs contended that the alcohol must have come

from Nyquil consumed the prior evening. Due to Isaacs's denials, Chief Bohach sent the tests to the lab for confirmation. The lab confirmed the initial test results, showing significant amounts of all the identified substances. Chief Bohach testified that Isaacs's actions violated two rules of his release, specifically, rule # 7 and rule # 13. These rules were identified in the notice of violation. Based on the evidence presented, the trial court found that the State had presented substantial evidence that Isaacs violated the terms of his release.

Analysis

{¶13} Isaacs now argues that the trial court erred because the specific written terms and conditions of his judicial release were not entered into evidence. Further, he argues that the State did not present the testimony of the probation officer who met with Isaacs and had him sign the terms and conditions of his release. Thus he argues the evidence did not support the trial court's decision in this case.

{¶14} At the outset of our analysis, we emphasize that the better practice would be to have the written terms and conditions of judicial release, which were signed by the defendant, entered into evidence, and to present the testimony of the probation officer who originally explained the terms and conditions to Isaacs. Nevertheless, Isaacs was served with a "notice of violation" that specifically stated the two rules he was alleged to have violated and how he was alleged to have

violated them. Then, at the final hearing, Chief Bohach testified to the rules Isaacs violated, and how he violated them.

**{¶15}** Simply put, the evidence firmly established that Isaacs was on judicial release, that he signed the terms and conditions of the release, showing he understood the conditions, and that he violated the terms of his release by consuming drugs and alcohol. Under these facts and circumstances, we do not find that the trial court abused its discretion by determining that the State had established "substantial proof" that Isaacs committed a violation, particularly given that "substantial proof" is far less than beyond a reasonable doubt. *State v. Westrick*, 3d Dist. Putnam No. 12-10-12, 2011-Ohio-1169, ¶ 21. Therefore, Isaacs's second assignment of error is overruled.

*First Assignment of Error*

**{¶16}** In his first assignment of error, Isaacs argues that the trial court erred by failing to address him personally before his sentence was imposed.

Relevant Authority

**{¶17}** "It is settled that if the trial court did not offer an offender the opportunity for allocution at a sentencing hearing and the offender raises the issue on appeal, resentencing is required unless the error is invited or harmless." *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 15.

Analysis

**{¶18}** In this case, after the trial court determined that Isaacs had violated the terms and conditions of his release, the trial court indicated it would listen to the parties' arguments as to whether the balance of Isaacs's sentence should be reimposed or whether Isaacs should remain on community control.

**{¶19}** The State argued in favor of reimposing Isaacs's prison sentence. The trial court then asked defense counsel for his argument. Defense counsel indicated that Isaacs struggled with substance abuse and that he had not been given an opportunity for treatment. He also argued that Isaacs had largely been compliant with his release, by, *inter alia*, appearing for his appointments and being employed. Defense counsel ultimately requested that Isaacs be given another opportunity on community control.

**{¶20}** Following defense counsel's statement, the trial court proceeded directly to sentence Isaacs without asking whether he would like to make a statement. Isaacs argues that this violated his right to allocate under Crim.R. 32. By contrast, the State argues that there are no cases extending the right of allocution to judicial release revocation proceedings and that, in any event, any error here would have been harmless because Isaacs's attorney argued on his behalf.

**{¶21}** In our own review of the matter, we note that it is true that the Supreme Court of Ohio has not specifically indicated that the right of allocution should extend

to judicial release revocation hearings. However, in *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 17, the Supreme Court of Ohio affirmatively held that "a hearing following community-control revocation is a sentencing hearing and that a trial court must abide by R.C. 2929.19(A) and Crim.R. 32(A)(1) by affording an offender an opportunity for allocution prior to imposing a sentence at such a hearing."

{¶22} Given that a judicial release revocation hearing is extremely similar in nature, albeit with fewer options for the trial court in sentencing, we find that the *Jackson* holding would control here. Thus under *Jackson*, Isaacs should have been provided an opportunity to make a statement on his own behalf, separate from his attorney's statement. Crim.R. 32.1(A).

{¶23} Nevertheless, the question remains whether the error was harmless. In *Jackson*, the Court determined that the error was not harmless because the defendant attempted to speak multiple times in his own defense and the trial court told him to "be quiet." *Jackson* at ¶ 16. In this case, Isaacs was not prevented from speaking by the trial court. His attorney spoke on his behalf, then, after his sentence was pronounced, Isaacs spoke with the trial court regarding jail-time credit. Taking these factors into consideration, and combining them with the fact that Isaacs was represented by counsel, who argued in favor of mitigation, we find the error here was harmless. Therefore, Isaacs's first assignment of error is overruled.

*Conclusion*

**{¶24}** Having found no error prejudicial to Isaacs in the particulars assigned, all the assignments of error are overruled and the judgments of the Crawford County Common Pleas Court are affirmed.

***Judgments Affirmed***

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**